UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN SMITH, | Case No. 17-cv-01914-APG-GWF |
| Plaintiff, | |
| v. | **ORDER ALLOWING LIMITED DISCOVERY ON DEFENDANTS' MOTION TO COMPEL ARBITRATION** |
| KELLOGG COMPANY and KELLOGG SALES COMPANY, | |
| Defendants. | (ECF No. 55) |

Defendants Kellogg Company and Kellogg Sales Company (collectively, Kellogg) move to compel plaintiff Brian Smith to arbitrate his Fair Labor Standards Act (FLSA) claim for unpaid overtime wages pursuant to an agreement between the parties (the "Incentive Agreement"). Smith opposes this motion, arguing the arbitration provision of the agreement is unenforceable because it contains an illegal waiver of collective and class actions.

Under the Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. My role in ruling on a motion to compel arbitration is limited. I must determine (1) whether there is a valid agreement to arbitrate, and (2) whether the agreement covers the dispute. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If these conditions are satisfied, I have no discretion and must compel arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The parties dispute the enforceability of the arbitration provision.

In *Morris v. Ernst & Young*, the Ninth Circuit held that conditioning employment on signing an arbitration agreement with a collective action waiver violates § 7 of the National Labor Relations Act (NLRA). 834 F.3d 975, 990 (9th Cir. 2016). In *Johnmohammadi v. Bloomingdale's, Inc.*, the Ninth Circuit held that such a waiver is enforceable if the employee is

1    given the option to opt out of arbitration "free of any express or implied threats of termination or
2    retaliation." 755 F.3d 1072, 1075 (9th Cir. 2014); *see also id.* at 1077 (holding the employee had
3    "freely elected" to individually arbitrate employment-related disputes without coercion from
4    Bloomingdale's and thus the agreement did not violate the NLRA). The court also stated that an
5    offer of "conduct immediately favorable to employees" might violate the NLRA if it is
6    undertaken "with the express purpose of impinging upon its employees' freedom of choice in
7    deciding whether to waive or retain their right to participate in class litigation." *Id.* at 1076
8    (internal quotation omitted).

9           The enforceability of the arbitration provision at issue in this case hinges in the first
10   instance on determining whether signing the Incentive Agreement was a condition of Smith's
11   continued employment with Kellogg, as argued by Smith, or a condition of receiving incentive
12   and severance benefits for which Smith would have been otherwise ineligible, as argued by
13   Kellogg. If Smith's employment was conditioned on agreeing to individual arbitration, the
14   agreement could still be enforceable if he was given a meaningful opportunity to opt out of
15   arbitration or the waiver. *See, e.g.*, *Bradford v. Flagship Facility Servs. Inc.*, No. 17-CV-01245-
16   LHK, 2017 WL 3130072, at *5 (N.D. Cal. July 24, 2017) ("District courts in the Ninth Circuit
17   applying *Morris* and *Johnmohammadi* have held that the NLRA does not render a class and
18   collective action waiver unenforceable if the employee had a meaningful opportunity to opt out of
19   the collective and class action waiver or the arbitration agreement." (internal quotation omitted)).
20   If Smith's employment was not conditioned on agreeing to individual arbitration, enforceability
21   depends on whether Kellogg offered the incentive and severance benefits with the intent to coerce
22   Smith into giving up his right to pursue collective action.

23          Smith contends that had he not signed the agreement containing the arbitration provision,
24   he would have been terminated, in violation of *Morris*. Smith also argues that he could not opt
25   out of the arbitration provision and still receive the offered incentive and severance benefits,
26   which he argues violates *Johnmohammadi*. Finally, he argues that Kellogg admitted to offering
27   the benefits to induce Smith to waive his right to concerted activity.

28

1    Kellogg asserts that Smith was not required to sign the agreement (and could have
2 revoked his agreement within seven days of signing) and had he signed it, he would not have lost
3 his job.  Furthermore, Kellogg argues that it is not prohibited from conditioning a severance
4 package on, among other things, a collective action waiver in an arbitration agreement.  With
5 regard to inducing a collective action waiver, Kellogg argues that Smith has offered no evidence
6 to support his contention regarding its intentions.

7    It remains unclear from the parties' briefing whether the arbitration agreement is
8 enforceable and thus whether I must compel arbitration.  I therefore will order limited discovery
9 aimed at fleshing out the issues the parties have raised.

10   IT IS THEREFORE ORDERED that the parties shall conduct limited discovery related to
11 the enforceability of the arbitration and waiver provisions, including the following questions: (1)
12 Did any employee offered the Incentive Agreement refuse to sign?  If so, what result?  (2) Were
13 employees who did not sign the Incentive Agreement eligible for any other severance benefits?
14 (3) Did Kellogg affirmatively communicate to employees regarding repercussions to their
15 employment status if they did not sign the Incentive Agreement?  (4) Is there evidence that
16 Kellogg offered the incentive and severance benefits for the express purpose of limiting
17 employees' freedom of choice regarding participation in collective or class actions?  (5) Did any
18 employees revoke their agreement?  If so, what result?

19   IT IS FURTHER ORDERED that the parties may serve each other with written discovery
20 requests regarding these issues.  Responses will be due **within 14 days** of service unless
21 otherwise agreed to by the parties or ordered by the court.  The parties can stipulate to or petition
22 the court for permission to conduct depositions.  Supplemental briefs will be due **within 45 days**
23 of this order.

24   DATED this 25th day of October, 2017.

26                                      _____
                                        ANDREW P. GORDON
27                                      UNITED STATES DISTRICT JUDGE