GREENBERG TRAURIG, LLP
TAMI D. COWDEN (8994)
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Emails:  cowdent@gtlaw.com

JAMES N. BOUDREAU *(pro hac vice)*
CHRISTIANA L. SIGNS
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7833
Facsimile:  (215) 988-7801
Emails:  boudreauj@gtlaw.com
          signsc@gtlaw.com

JAMES NELSON (CA 116442) (*pro hac vice*)
1201 K Street, Suite 1100
Sacramento, CA 95814
Tel: (916) 442-1111
Fax: (916-448-1709
Email:  nelsonj@gtlaw.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN SMITH, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>– vs. –<br><br>KELLOGG COMPANY and KELLOGG SALES COMPANY,<br><br>Defendants. | Case No.   2:17-cv-01914-APG-GWF<br><br><br>**DEFENDANTS' <u>EMERGENCY MOTION</u> TO STAY BRIEFING AND ADJUDICATION OF PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY, OR ALTERNATIVELY, TO EXTEND TIME TO RESPOND** |

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

Pursuant to Local Rule 7-4, Defendants Kellogg Company and Kellogg Sales Company (collectively, "Kellogg"), by and through their undersigned attorneys, move on an emergency basis to stay the briefing and adjudication of Plaintiff's Motion to Conditionally Certify a FLSA Collective Action and to Issue Notice (ECF No. 115).

Kellogg has already moved to enforce Plaintiff Brian Smith's agreement to arbitrate and to compel the claims he asserts in this case to arbitration. In the face of Kellogg's motions, which should *end* litigation in this Court, Mr. Smith nevertheless seeks to *expand* the scope of this case. Specifically, on Friday, February 2, 2018, he filed a motion asking this Court to authorize notice of this case to other putatively similarly-situated claimants under Section 216(b) of the Fair Labor Standards Act. It makes no sense for the Court to address Mr. Smith's motion until after it rules on Kellogg's pending motion to compel arbitration. Indeed, Mr. Smith's attempt to push this case forward is in direct contravention of the Federal Arbitration Act's express terms.

WHEREFORE, the Court should stay briefing on Mr. Smith's Motion to Conditionally Certify (ECF No. 115) pending resolution of Kellogg's Motion to Compel Arbitration (ECF No. 55, *see also* Supplemental Brief, ECF No. 95) and Kellogg's Motion for Reconsideration (ECF No. 85). Alternatively, if for some reason the Court deems it appropriate to address Mr. Smith's Motion to Conditionally Certify at this time, it should extend Kellogg's time to respond to the Motion to Conditionally Certify to a date twenty-one (21) days after it enters an order on Kellogg's Emergency Motion.

Kellogg makes this Emergency Motion based on the accompanying Memorandum of Points and Authorities, declaration of Christiana L. Signs, all pleadings in this action, and any other written and oral argument the Court may entertain.

On Monday, February 5, 2018, Kellogg's counsel conferred with Plaintiff's counsel regarding the relief sought in this motion, but Plaintiff's counsel would not agree to such relief.

///

///

///

///

1

1    DATED:  February 6, 2018

2                                    **GREENBERG TRAURIG, LLP**

3                          By:  */s/ James N. Boudreau*
                                 James N. Boudreau (PA 77891) *(pro hac vice)*
4                                boudreauj@gtlaw.com
                                 Christiana L. Signs (PA 317851) (*pro hac vice*)
5                                signsc@gtlaw.com
                                 2700 Two Commerce Square
6                                2001 Market Street
                                 Philadelphia, PA 19103
7
                                 James Nelson (CA 116442) (*pro hac vice*)
8                                nelsonj@gtlaw.com
                                 1201 K Street, Suite 1100
9                                Sacramento, CA 95814

10                               Tami D. Cowden (8994)
                                 cowdent@gtlaw.com
11                               3773 Howard Hughes Parkway, Suite 400 North
                                 Las Vegas, NV 89169
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

It is undisputed that Plaintiff Brian Smith ("Mr. Smith") agreed to individually arbitrate any disputes arising out of his employment with Defendants Kellogg Company and Kellogg Sales Company (collectively, "Kellogg"). Because of this, in September 2017, Kellogg moved to compel arbitration of Mr. Smith's wage claim in accordance with the Federal Arbitration Act ("FAA"). Kellogg's motion to enforce the parties' arbitration agreement remains pending. Notwithstanding, on Friday, February 6, 2018, Mr. Smith filed a motion to conditionally certify this case as a Fair Labor Standards Act ("FLSA") collective action. He asks this Court to authorize the mailing of notice of this lawsuit to allegedly similarly situated current and former Kellogg employees. Mr. Smith's motion is improper on multiple levels, and adjudication of it in this Court will effectively deprive Kellogg of its contractual rights. As a result, to conserve judicial and party resources and to ensure that Kellogg retains the benefit of its agreement to arbitrate, this Court should stay any briefing on Mr. Smith's Motion to Conditionally Certify (ECF No. 115), at least until it rules on Kellogg's pending Motion to Compel Arbitration (ECF No. 55, *see also* Supplemental Brief, ECF No. 95; Motion for Reconsideration, ECF No. 85).

**II.     BACKGROUND**

On July 13, 2017, Mr. Smith initiated this action by filing a one-count complaint under the FLSA. (ECF No. 1). He claims Kellogg failed to pay him all of the wages to which he is entitled as a result of allegedly improperly classifying him as exempt from the FLSA's overtime requirements. (*Id.*) He asserts his claim on behalf of himself and a putative collective group. (*Id.*)

On September 15, 2017, Kellogg responded to Mr. Smith's complaint by moving to compel his claim to arbitration. (ECF No. 55). As set forth in Kellogg's Motion to Compel, Mr. Smith agreed to arbitrate any disputes arising out of his employment with Kellogg in individual arbitration before JAMS (Judicial Arbitration Mediation Services). (*Id.*)

On October 25, 2017, the Court ordered the parties to conduct limited discovery on the enforceability of the arbitration agreement. (ECF No. 79). On November 7, 2017, Kellogg moved for reconsideration of the Court's order. (ECF No. 85). Kellogg explained that because the JAMS rules—to which the parties agreed—contain a delegation provision, even questions regarding

1

arbitrability, *i.e.*, the enforceability of the arbitration agreement, are for an arbitrator to decide. (*Id.*) Not having received a ruling on Kellogg's Motion for Reconsideration, the parties conducted limited discovery in accordance with the Court's order. The parties then filed supplemental briefs on the arbitrability issue (as the Court directed). (ECF Nos. 95-96, 99-100). This Court has yet to rule on Kellogg's pending Motion to Compel Arbitration or its Motion for Reconsideration.

On February 2, 2018, Mr. Smith filed a Motion to Conditionally Certify a FLSA Collective Action and to Issue Notice (ECF No. 115), asking this Court to begin adjudicating his case even though this Court is not a proper venue in any respect.[1] This Emergency Motion to Stay Briefing and Adjudication of Plaintiff's Motion to Conditionally Certify followed.

## III.   THE COURT SHOULD STAY BRIEFING AND ADJUDICATION OF PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY.

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). To determine if a stay is proper, it must balance the "competing interests" of the parties. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). On the one hand, the Court must consider "the possible damage which may result from the granting of a stay." *Id.* On the other, it must weigh "the hardship or inequity" Kellogg "may suffer in being required to go forward." *Id.* Finally, the Court must take its own interest into consideration, prioritizing judicial efficiency and aiming for an "orderly course of justice" that will simplify issues, proof, and questions of law to the extent possible. *Id.*

### A.   Refusing A Stay Infringes On Kellogg's Rights Protected By The FAA.

Requiring Kellogg to oppose Mr. Smith's Motion for Conditional Certification before the Court has determined whether Mr. Smith must arbitrate his claim is wrong. It effectively deprives Kellogg of its contractual rights. This result conflicts with the very purpose of arbitration and the FAA.

---

[1] As set forth in Kellogg's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order, in addition to obligating Mr. Smith to arbitrate his claim on an individual basis, Mr. Smith's Continued Employment/Incentive Agreement & General Release also requires the parties to file any court action in the Circuit Court of Calhoun County, Michigan or the United States District Court for the Western District of Michigan, for which Mr. Smith agreed to jurisdiction. (ECF No. 44-1 at ¶15(c)).

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1    Kellogg has an enforceable contractual right to resolve Mr. Smith's claim against it in

2   individual arbitration. The benefits of such arbitration include "streamlined proceedings and

3   expeditious results." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (internal

4   citations omitted). The FAA thus "calls for a summary and speedy disposition of motions or

5   petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

6   460 U.S. 1, 29 (U.S. 1983). It does not permit the imposition of judicial proceedings that frustrate

7   the Act's goals. For example, in *American Express Co. v. Italian Colors Restaurant*, 570 U.S.

8   228, 239 (2013), the Supreme Court explained that requiring parties to litigate issues like (a) how

9   much it may cost a plaintiff to win, versus (b) the plaintiff's potential individual recovery, all to

10  determine whether putative class claims are arbitrable, "undoubtedly" eviscerate the prospect of

11  speedy resolution that the parties relied on in entering into an arbitration agreement in the first

12  place. As the Supreme Court expressly said, the FAA does not sanction such a result. *Id.*

13   In this case, briefing Mr. Smith's Motion to Conditionally Certify will likewise frustrate

14  the FAA's goal of protecting the benefits of individual arbitration, including streamlined

15  proceedings. If the Court does not stay briefing, Kellogg will have to respond to Mr. Smith's

16  Motion to Conditionally Certify, a Motion it contends it should not have to respond to in light of

17  Mr. Smith's prior contractual commitments. And "[t]he burden of resisting conditional

18  certification is not insubstantial." *Darrow v. WKRP Mgmt.*, LLC, No. 09-CV-01613-CMA-BNB,

19  2011 WL 1666817, at *2 (D. Colo. May 2, 2011) (staying briefing on conditional certification

20  pending ruling on defendant's motion to dismiss). This Court well knows that Kellogg will have

21  to devote significant time and resources to opposing Mr. Smith's Motion. The FAA simply does

22  not permit this type of extraneous litigation. In short, if the Court forces Kellogg to litigate this

23  case in Court before the Court enforces its arbitration agreement, Kellogg will have lost one of

24  the most important benefits of its agreement with Mr. Smith, streamlined proceedings.[2] For this

25  reason, the Court should grant Kellogg's Emergency Motion to Stay Briefing and Adjudication of

26  Mr. Smith's Motion to Conditionally Certify.

27

28   [2] The Court could presumably remedy some of this harm. For example, if Mr. Smith insists on forcing Kellogg to respond to his Motion to Conditionally Certify, it could direct Mr. Smith and/or his counsel to reimburse Kellogg for any fees and costs incurred in opposing the Motion should this Court subsequently direct the case to arbitration.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

3

**B.** **Judicial Efficiency Favors A Stay.**

Further warranting a stay of briefing on Plaintiffs' Motion to Conditionally Certify is that requiring Kellogg to oppose it at this juncture wastes both the parties' and the Court's resources. If the Court grants Kellogg's motion to compel arbitration, it disposes of the case in this forum. This is not the case with respect to Mr. Smith's Motion to Conditionally Certify.  A ruling on Mr. Smith's Motion, up or down, has no possibility of ending proceedings in this Court; additional proceedings will be required either way. Ruling on the arbitration issue first thus simplifies the issues and streamlines the litigation.

This is precisely why courts across the country uniformly hold that it is best to decide whether to send claims to arbitration before deciding whether to conditionally certify a FLSA collective action. *See, e.g.*, *Cobble v. 20/20 Commc'ns, Inc.*, No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *5 (E.D. Tenn. Oct. 11, 2017) (staying briefing on FLSA conditional certification pending resolution of motion to dismiss or transfer based on arbitration agreement); *Davis v. Vanguard Home Care, LLC*, No. 16-CV-7277, 2016 WL 7049069, at *1 (N.D. Ill. Dec. 5, 2016) (noting court stayed briefing on plaintiff's motion for conditional certification pending decision on arbitration issue); *Feamster v. Compucom Sys., Inc.*, No. 7:15-CV-00564, 2016 WL 722190, at *5 (W.D. Va. Feb. 19, 2016) (granting motion to stay decision on plaintiffs' motion for FLSA conditional certification pending limited discovery and ruling on defendant's motion to enforce named plaintiffs' arbitration agreements).[3]

In short, there is no reason to brief and decide Mr. Smith's Motion to Conditionally Certify until after the Court rules on Kellogg's Motion to Compel Arbitration. Addressing the Motion to Conditionally Certify prematurely not only harms Kellogg, it is inefficient.

///

///

---

[3] Courts also routinely stay briefing on motions to conditionally certify where other early dispositive motions are pending. *See, e.g.*, *Darrow v. WKRP Mgmt.*, LLC, No. 09-CV-01613-CMA-BNB, 2011 WL 1666817, at *2 (D. Colo. May 2, 2011) (staying briefing on conditional certification pending ruling on defendant's motion to dismiss); *Pollock v. Legends Hosp., LLC*, No. 12 CIV. 8334 KBF, 2013 WL 3863864, at *1 (S.D.N.Y. July 25, 2013) (noting court "effectively granted" defendant's motion to stay briefing on conditional certification until after ruling on early motion to dismiss by making opposition to conditional certification motion due 30 days after decision on motion to dismiss).

4

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**C.     A Stay Of Briefing Will Not Harm Mr. Smith.**

Mr. Smith's Motion to Conditionally Certify states that he filed his Motion due to the FLSA's unique statute of limitations provision. Specifically, he expresses concern that if the Court does not issue notice promptly to other allegedly similarly situated Kellogg employees, the claims of those individuals will wither away. (ECF No. 115 at 15). This is because the statute of limitations does not begin to toll for these individuals until they file a consent to sue form in a conditionally certified collective action. (*Id.*) Mr. Smith's concern for putative opt-ins' claims, however, should not impact this Court's consideration of Kellogg's Emergency Motion. This is because his argument does not show harm to Mr. Smith himself—the only actual plaintiff in this case—as his FLSA claim is in fact tolled. (*See* Smith Consent to Sue, ECF No. 1-1).

Moreover, federal courts commonly face this issue in FLSA cases, *i.e.*, whether to rule on an action's arbitrability before considering conditional certification. And these courts uniformly and rightly reject the very argument Mr. Smith makes.  As one court explained, putative opt-ins do not in fact have to wait for a ruling on conditional certification before filing their claims (and thus tolling the statute of limitations on their claims). *Cobble v. 20/20 Commc'ns, Inc.*, No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *5 (E.D. Tenn. Oct. 11, 2017). They can simply file their own independent actions. *Id.* That is, putative opt-ins do not need court-authorized notice to assert their rights. So no harm comes to putative opt-ins if this Court stays briefing on Mr. Smith's Motion to Conditionally Certify.

Mr. Smith also argues that whether putative opt-ins signed arbitration agreements is not relevant to conditional certification. According to him, the Court should send notice regardless, as it can address any arbitration agreements at a later stage. (ECF No. 115 at 19-20). But this argument has no bearing on Kellogg's Emergency Motion because it purports to address what this Court should do vis-à-vis the arbitration agreements of *putative opt-ins*; it does not address what the Court should do about *the named Plaintiff Brian Smith's arbitration agreement*. Indeed, in two of the cases Mr. Smith cites as authority for his argument,  the *named plaintiff* was party to an arbitration agreement and the Court compelled arbitration of the named plaintiff's claims thereby ending the case in court. *See D'Antuono v. C & G of Groton, Inc.*, No. 3:11CV33 MRK,

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

2011 WL 5878045, at *2 (D. Conn. Nov. 23, 2011) ("[t]he Court recently ordered the clerk to administratively close the case with regard to [two of the named plaintiffs'] claims, as they are stayed pending arbitration"); *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 CIV. 9305 LTS HBP, 2014 WL 2109903, at *1 (S.D.N.Y. Apr. 1, 2014), *report and recommendation adopted*, No. 11-CV-9305-LTS-HBP, 2014 WL 3537808 (S.D.N.Y. July 16, 2014) (noting judge dismissed five named plaintiffs' claims after ruling that those plaintiffs were required to arbitrate). In the one other case in which the named plaintiffs had arbitration agreements, the defendants did not actually move to compel arbitration. Instead, they asserted the existence of the agreements over one year later and only in opposition to plaintiffs' motion to conditionally certify. *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005) ("defendants have not moved to compel arbitration at all, although the case has been pending for over a year"). Here, Kellogg moved to compel arbitration promptly, and certainly well before Mr. Smith's Motion. It is precisely the fact that Mr. Smith has an arbitration agreement that Kellogg seeks to enforce that justifies staying briefing on conditional certification. Whether putative opt-ins have arbitration agreements is of no import.

In sum, the requested stay will not harm Mr. Smith. Nor will it harm putative opt-ins. They are and remain free to initiate their own claims as they see fit, and they do not need notice of this proceeding from this Court to do so. All of these considerations counsel in favor of staying briefing and adjudication of Mr. Smith's Motion to Conditionally Certify.

///
///
///
///
///
///
///
///
///

6

## IV.    CONCLUSION

For the foregoing reasons, the Court should stay briefing on Mr. Smith's Motion to Conditionally Certify (ECF No. 115), pending resolution of Kellogg's Motion to Compel Arbitration (ECF No. 55, see also Supplemental Brief, ECF No. 95) and Kellogg's Motion for Reconsideration (ECF No. 85). Alternatively, if for some reason the Court deems it appropriate to address Mr. Smith's Motion to Conditionally Certify at this time, it should extend the time for Kellogg to respond to the Motion to Conditionally Certify until twenty-one (21) days after it enters an order on Kellogg's Emergency Motion.

DATED:  February 7, 2018

**GREENBERG TRAURIG, LLP**

By:  */s/ James N. Boudreau*
James N. Boudreau (PA 77891) *(pro hac vice)*
boudreauj@gtlaw.com
Christiana L. Signs (PA 317851) (*pro hac vice*)
signsc@gtlaw.com
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

James Nelson (CA 116442) (*pro hac vice*)
nelsonj@gtlaw.com
1201 K Street, Suite 1100
Sacramento, CA 95814

Tami D. Cowden (8994)
cowdent@gtlaw.com
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, NV 89169

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on February 7, 2018, service of the foregoing ***Emergency Motion To Stay Briefing And Adjudication Of Plaintiff's Motion To Conditionally Certify and Memorandum of Points and Authorities in Support*** was made this date through the Court's CM/ECF electronic filing system, and served upon all counsel of record through the Court's electronic filing system.

*/s/ James N. Boudreau*
James N. Boudreau