1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

4

5

6

7

8

9

10

BRIAN SMITH,

            Plaintiff,

   v.

KELLOGG COMPANY; and KELLOGG SALES COMPANY,

          Defendants.

Case No. 2:17-cv-01914-APG-CWF

**ORDER GRANTING EMERGENCY MOTION TO STAY BRIEFING AND ADJUDICATION OF PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY CLASS**

(ECF No. 116)

11

12

13

14

15

      Defendants Kellogg Company and Kellogg Sales Company (Kellogg) move to stay briefing and adjudication of plaintiff Brian Smith's motion to conditionally certify a FLSA collective action class (ECF No. 115). Kellogg wants the stay to last until a final decision on its pending motion to compel arbitration. Kellogg moves on an emergency basis because its response to Smith's motion is due on February 16.

16

17

18

19

20

21

22

23

24

25

26

      In ruling on a motion to stay, I consider the competing interests of "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). While the hardship to Kellogg in briefing the certification motion is not insubstantial, it is relatively easily remedied, as acknowledged by Kellogg. However, there is little likelihood of damage to Smith from granting a stay. I am cognizant of Smith's concern that delay could result in the running of the statute of limitations on the claims of potential opt-in plaintiffs. However, the only plaintiff in the suit as of yet is Smith, who signed the arbitration agreement at issue. Potential opt-in plaintiffs may commence their own actions to preserve their rights under the FLSA. *See Cobble v. 20/20 Commc'ns, Inc.*, No. 2:17-cv-53-TAV-MCLC, 2017 WL 4544598, at *5 (E.D. Tenn. Oct. 11, 2017).

27

28

1    The third consideration is dispositive here.  Kellogg's motion to compel arbitration of

2    Smith's claim, as well as supplemental briefs and a motion for reconsideration, are pending.  The

3    Federal Arbitration Act "calls for a summary and speedy disposition of motions or petitions to

4    enforce arbitration clauses." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

5    29 (1983).  My ruling on the motion to compel arbitration could result in a dismissal or stay of

6    this case.  As I will address those motions first regardless of whether a stay is entered,

7    determining whether Smith must arbitrate his claims before considering the certification claim

8    will streamline this litigation.  Therefore, I grant Kellogg's motion to stay.

9    IT IS THEREFORE ORDERED that Kellogg's motion to stay briefing and adjudication

10   of Smith's motion for conditional class certification **(ECF No. 116) is GRANTED.**  Should I

11   deny its motion to compel, Kellogg's response to ECF No. 115 will be due within 21 days of that

12   order.

13   DATED this 7th day of February, 2018.

14

15   _____
     ANDREW P. GORDON
16   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28