UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLOGG COMPANY; and KELLOGG SALES COMPANY,<br><br>        Defendants. | Case No. 2:17-cv-01914-APG-GWF<br><br>**ORDER (1) GRANTING MOTION TO COMPEL ARBITRATION; (2) DENYING MOTION FOR RECONSIDERATION; AND (3) DENYING MOTION TO FILE SUPPLEMENTAL AUTHORITY**<br><br>(ECF Nos. 55, 85, 105) |

This dispute arises from a putative Fair Labor Standards Act (FLSA) collective action filed by plaintiff Brian Smith against defendants Kellogg Company and Kellogg Sales Company (Kellogg). Kellogg moves to compel arbitration based on an agreement signed by Smith in March 2017, which Smith argues is unenforceable. Kellogg also moves for reconsideration of a limited discovery order and to file supplemental authority in support of this motion.

The parties are familiar with the facts of the case, and I will not repeat them here except where necessary. I grant Kellogg's motion to compel arbitration. I deny as moot the motion to reconsider and motion to file supplemental authority. The case is stayed pending resolution of the arbitration proceedings.

**I.    ANALYSIS**

    **A. Motion for Reconsideration (ECF No. 85)**

Under Federal Rule of Civil Procedure 59(e), a party may ask the court to reconsider and amend a previous order. Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). A motion for

reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Kellogg moves for reconsideration of my order directing the parties to conduct limited discovery regarding the validity of the parties' arbitration agreement. *See* ECF No. 79. Kellogg contends this issue is delegated to the arbitrator, pointing to the incorporation of JAMS rules in Smith's Continued Employment/Incentive Agreement. Smith responds that this is a new argument that should have been raised in Kellogg's motion to compel arbitration. Kellogg replies that it did not raise this issue earlier because it did not believe that the validity of the arbitration agreement was at issue.

The validity of the arbitration provision in Smith's agreement has been the central issue of the motion practice in this case thus far. It is disingenuous to state otherwise, in particular because in its motion to compel arbitration Kellogg asked me to rule that the arbitrative provision was valid and enforceable. For the sake of judicial economy, however, I will consider the arguments made by both parties in the briefing on the motion to reconsider. Because I grant the motion to compel arbitration, I deny as moot the motion for reconsideration.[1]

### B. Motion to Compel Arbitration (ECF No. 55)

In deciding whether to grant a motion to compel arbitration, I must determine (1) whether there is a valid agreement to arbitrate, and (2) whether the agreement covers the dispute. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The gateway question of arbitrability is generally an issue for judicial determination unless "the parties clearly and unmistakably provide otherwise." *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986). Even if the parties have clearly and unmistakably delegated the arbitrability decision, this delegation may be unenforceable if the delegation itself is unconscionable. *Brennan*, 796 F.3d at 1132.

i. <u>The Parties Clearly and Unmistakably Delegated Arbitrability</u>

The Continued Employment/Incentive Agreement includes the following language: "Employee and Kellogg . . . agree that any controversy, claim or dispute between the parties,

---

[1] In light of this denial, I also deny as moot Kellogg's motion to file supplemental authority in support of the motion for reconsideration. ECF No. 105.

directly or indirectly, concerning . . . Employee's employment with Kellogg . . . will only be resolved in individual arbitration before JAMS (Judicial Arbitration Mediation Services) subject to JAMS' Streamlined Arbitration Rules and Procedures . . . ." ECF No. 55-1 at 26. Kellogg argues that the incorporation of JAMS rules delegated the arbitrability decision to the arbitrator. Smith responds that this delegation was not clear and unmistakable to him because he is not a sophisticated party.

In *Brennan*, the Ninth Circuit addressed the incorporation of the rules of the American Arbitration Association (AAA) into an arbitration agreement. Those rules, like the JAMS rules, provide that the arbitrator has the power to determine the validity of the arbitration agreement. *See id.* at 1130; ECF No. 85-1 at 13 (JAMS rule 8 stating "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator"). The court in *Brennan* held that an incorporation of the AAA rules "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130; *see also Esquer v. Educ. Mgmt. Corp.*, No. 17-cv-01240-BAS-AGS, 2017 WL 5194635, at *3–4 (S.D. Cal. Nov. 9, 2017) (applying *Brennan* analysis to agreement incorporating JAMS rules).

Smith argues that such an incorporation is insufficient when one of the contracting parties is unsophisticated. In *Brennan*, the court limited its holding to the facts of that case—which included two sophisticated parties—but stated that the holding did not require that the contracting parties be sophisticated or that the contract be commercial. *Id.* at 1130. The court noted that "the vast majority of the circuits that hold that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties . . . ." *Id.* at 1131.

Following *Brennan*, courts in this circuit are split about whether the sophistication of the parties matters in the determination of whether a delegation by incorporation is clear and unmistakable. *See Esquer*, 2017 WL 5194635, at *4 (comparing cases finding *Brennan* is limited

to sophisticated parties and those finding a clear delegation without regard to the parties' sophistication). The recent trend is to apply *Brennan* to the incorporation of arbitration rules regardless of party sophistication. *See id.*; *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 WL 4551484, at *3 (N.D. Cal. Oct. 11, 2017); *Diaz. v. Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2017 WL 4355075, at *3 (N.D. Cal. Sept. 29, 2017); *Seaman v. Private Placement Capital Notes II, LLC*, No. 16-cv-00578-BAS-DHB, 2017 WL 1166336, at *4 (S.D. Cal. Mar. 29, 2017); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 992 (N.D. Cal. 2017). *But see Ingalls v. Spotify USA, Inc.*, No. C 16-03533 WHA, 2016 WL 6679561, at *3–4 (N.D. Cal. Nov. 14, 2016) (noting the trend in the circuit as of late 2016 was to find incorporation "insufficient to establish delegation in consumer contracts involving at least one unsophisticated party" and holding a delegation by incorporation was not clear and unmistakable when the parties included "ordinary consumers who could not be expected to appreciate the significance of incorporation"). In its most recent case, the Ninth Circuit again found it unnecessary to "decide whether the *Brennan* rule applies when one or more party is unsophisticated." *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1062 (9th Cir. 2018).

The court in *Brennan* stated its holding "should not be interpreted to require that the contracting parties be sophisticated" to conclude that incorporation of arbitrator rules "constitutes clear and unmistakable evidence of the parties' intent" to delegate the arbitrability decision. 796 F.3d at 1130. Given this language, and the fact that the majority of circuits do not limit their holdings finding clear and unmistakable intent by incorporation to sophisticated parties, I agree with the finding in *Esquer* that "*Brennan* does not compel a court to inquire into a party's sophistication to find clear and unmistakable intent." 2017 WL 5194635, at *4. In this case, the requisite intent to delegate is present in the Continued Employment/Incentive Agreement in the incorporation of the JAMS rules, which delegate the determination of arbitrability to the arbitrator.

/ / / /

/ / / /

ii. The Delegation Provision is Not Unconscionable

Although the Federal Arbitration Act (FAA) governs the substantive law of arbitrability, federal courts apply state law to determine the "validity, revocability, and enforceability of contracts generally," including whether the arbitration clause is unconscionable. *Perry v. Thomas*, 482 U.S. 482, 492 n.9 (1987). Here, the Continued Employment/Incentive Agreement includes a Michigan choice of law provision. ECF No. 55-1 at 26. The parties do not dispute that Michigan law applies.

Under Michigan law, "for a contract or contract provision to be considered unconscionable, both procedural and substantive unconscionability must be present." *Clark v. DaimlerChrysler Corp.*, 706 N.W.2d 471, 474 (Mich. Ct. App. 2005). "Procedural unconscionability exists where the weaker party had no realistic alternative to acceptance of the term," and substantive unconscionability exists where the inequity of the challenged term "is so extreme as to shock the conscience." *Id.* at 474–75. Challenges to the enforceability of a delegation provision must be directed to that provision specifically rather than the arbitration agreement as a whole. *See Brennan*, 796 F.3d at 1133; *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010).

Smith argues that the delegation provision is procedurally unconscionable because he is an unsophisticated party who would be unlikely to understand the importance of the incorporation of the JAMS rules, a copy of which were not provided to him. He argues that the delegation is also substantively unconscionable because the arbitration provision as a whole would violate *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016) and the delegation provision would violate the public policy behind the FLSA. Kellogg responds that Smith has not shown procedural unconscionability, as the Ninth Circuit has rejected his argument about incorporation by reference. Kellogg further contends that the delegation provision does not run afoul of *Morris* because it does not prohibit workers from litigating claims collectively.

Given the power and sophistication imbalance between Smith and Kellogg, Smith has shown some degree of procedural unconscionability. Kellogg's argument about incorporation by

reference is based on *Poublon v. C.H. Robinson Company*, 846 F.3d 1251 (9th Cir. 2017), in which the court made an unconscionability determination under California law, so it is not controlling. However, Smith has not shown that he lacked a meaningful choice in accepting the delegation term. The agreement included a "Knowing and Voluntary Action" provision in which Smith acknowledged he was advised to consult with an attorney and was given at least twenty-one days to consider the agreement before signing. ECF No. 55-1 at 27. There is also a "Revocation of Agreement" provision in which Smith acknowledged he had a period of seven days in which to revoke the agreement. *Id.* Smith has pointed to no other evidence than his lack of sophistication as evidence of procedural unconscionability.

Furthermore, Smith has not shown that the delegation provision shocks the conscience. Such delegation provisions have been routinely upheld. *See, e.g.*, *Esquer*, 2017 WL 5194635, at *8; *Ortiz v. Volt Mgmt. Corp.*, No. 16-cv-07096-YGR, 2017 WL 1957072, at *4 (N.D. Cal. May 11, 2017). Smith's argument that the delegation provision violates the policies behind the National Labor Standards Act and the FLSA is essentially an argument that the arbitration provision as a whole is unconscionable, rather than the delegation provision specifically.

I find that Smith has raised a slight inference of procedural unconscionability but has not made a showing of substantive unconscionability as to the delegation provision. Therefore, the delegation provision is enforceable and I grant the motion to compel arbitration.

### C. Stay or Dismissal

Under the FAA, a court may stay a case pending resolution of arbitration. 9 U.S.C. § 3. There is a "preference for staying an action pending arbitration rather than dismissing it." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014). This preference reflects the disfavor of "[u]nnecessary delay of the arbitral process through appellate review." *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004) (internal quotation omitted).

Kellogg moves to dismiss, arguing that because Smith must arbitrate his only claim, no claims will remain before this court. At this time, all that has been decided is that the threshold

issue of arbitrability has been delegated to the arbitrator. Given the preference for stays rather than dismissals, I stay the case.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to compel arbitration **(ECF No. 55) is GRANTED.** The case is stayed pending arbitration. The parties are ordered to file a joint status report informing the Court of the progress or outcome of the arbitration proceedings no later than **noon on September 15, 2018** and every 180 days thereafter.

IT IS FURTHER ORDERED that the defendants' motion for reconsideration **(ECF No. 85) is DENIED as moot.**

IT IS FURTHER ORDERED that the defendants' motion for leave to file supplemental authority **(ECF No. 105) is DENIED as moot.**

DATED this 15th day of February, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE